UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CR639 CEJ |
| | ) |
| RAYMOND L. CLIFTON, | ) |
| | ) |
| Defendants. | ) |

**SUPPLEMENTAL MEMORANDUM, ORDER, AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**#35–Defendant's Motion to Strike, and Rebuttal to Government's Response, in
Opposition to Defendant's Challenge to Personal and Subject Matter Jurisdiction**

On February 13, 2007 and March 7, 2007, the Defendant filed a *Pro Se* petition to dismiss the current bank robbery charge because he alleges that the court lacks jurisdiction over both him and the subject matter of the bank robbery. He alleges this because he states that the case of Wilson v. Schnettler, 365 U.S. 381 (1961), requires that he first be fully prosecuted and incarcerated in the state courts of Missouri because he was arrested based on probable cause by a deputy sheriff of the Jefferson County, Missouri sheriff's office. Because Jefferson County voluntarily decided not to prosecute the Defendant, and instead relinquished custody of the Defendant to the federal government for prosecution, the undersigned concludes the Defendant's argument must fail. The undisputed evidence and statements by the United States Attorney show that the Defendant was arrested and detained in Jefferson County, Missouri, shortly after 4 p.m. on October 11, 2006. The Defendant, however, was never formally charged by Jefferson County, and was released to federal authorities by Jefferson County on the morning of October 12, 2006. This evidently occurred contemporaneously with the filing of a federal complaint

before a United States Magistrate Judge and the issuance of a federal arrest warrant for the Defendant.  According to the United States Attorney's review of the United States Marshals records, the Defendant was in federal custody in the Marshals Service holdover by 11 a.m. on October 12, 2006, less than twenty hours after the Defendant's arrest.   He was provided his initial appearance on that same date, and a lawyer was appointed to represent him.  Based on the above, the undersigned concludes that there is no evidence to suggest that the State of Missouri did anything other than voluntarily decide not to prosecute the Defendant on state robbery charges and to voluntarily give custody of the Defendant to the federal government without charging him.  In voluntarily relinquishing custody and deciding not to prosecute the Defendant (as was within their discretion), the State of Missouri allowed the government to pursue its complaint and prosecution in federal court.  Thus, based on the above, the undersigned concludes that the proper personal and subject matter jurisdiction exists in this case.

The Defendant cites Wilson v. Schnettler, supra, for the proposition that the Defendant because of his arrest by state authorities had to be fully prosecuted in state court.  This misreads Wilson v. Schnettler.  Although the court in Wilson v. Schnettler, supra does state that a court where jurisdiction first attaches retains jurisdiction over the matter until its duty has been fully performed, it also makes clear that it is the plaintiff's right to prosecute a suit or not prosecute it, and the plaintiff (in this case the State of Missouri) can determine that it does not wish to object to another jurisdiction taking control of the case.  See Wilson v. Schnettler, 365 U.S. 381 n.3.

In addition, Wilson v. Schnettler is based on the case of Ponzi v. Fessenden, 258 U.S. 254 (1922).  In that case, the State of Massachusetts issued a writ of habeas corpus to deliver the defendant from federal custody to state custody so he could be prosecuted on fraud charges.  The

Attorney General of the United States, after considering the matter, decided to exercise his discretion by allowing jurisdiction to be given to the state. It is clear from the law at that time that the state could not force the U.S. Government to give up jurisdiction of the defendant. In upholding this as a valid exercise of discretion, the court stated as follows:

> One accused of a crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for a vindication of its laws in order that the other may also subject him to conviction of crime against it. . .Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with the power to grant it. One accused of a crime of course can not be in two places at the same time. He is entitled to be present at every stage of the trial himself in each jurisdiction with the full opportunity for defense. If that is accorded him, he can not complain. The fact that he may have committed two crimes gives him no immunity from prosecution of either.

Ponzi v. Fessenden, 258 U.S. 254, 260.

Given the above authority and the facts of this case, which show that the State of Missouri has not objected to the prosecution of this case in federal court and have not themselves charged the Defendant in state court, the undersigned concludes that the Defendant's presence before this federal court is lawful and jurisdiction was lawfully obtained. Therefore, the case should not be dismissed.

The Defendant also states that the only way he legally can be taken into federal custody is by way of writ of habeas corpus ad prosequendum or by using the procedures in the Interstate Agreement on Detainers. Because the State of Missouri did not file formal charges and voluntarily relinquished custody of the Defendant to federal authorities, the undersigned

concludes that neither a writ of habeas corpus nor a detainer are relevant in the case now at bar.

The Interstate Agreement on Detainers was passed by Congress and the states to curtail the practice of having prisoners held in either state or federal custody with detainers pending against them for long periods of time. The pending detainers led to increased custody restrictions and lack of opportunity for educational opportunities for the prisoners held pursuant to the detainers. See United States v. Mauro, 436 U.S. 340 (1978). The undersigned notes that this is not the situation in the case now at bar. In the case now at bar, the Defendant was arrested based on probable cause by state authorities without a warrant and held for approximately eighteen hours before being voluntarily released to federal authorities pursuant to formal proceedings in federal court. The Defendant was never formally charged in state court, and, to the knowledge of the undersigned, is not currently charged in state court with any crimes relating to this offense. Under these circumstances, the undersigned concludes that the filing of a detainer is unnecessary and superfluous. The Defendant is in federal custody pursuant to formal charges and his rights are protected by the Constitution and the Federal Rules of Criminal Procedure. For all of the above reasons, the issuance of a writ of habeas corpus ad prosequendum in this case is, likewise, unnecessary and superfluous. The State of Missouri voluntarily relinquished custody, therefore, no writ was necessary.

Based on the above, the undersigned concludes that the petition of the Defendant should be denied.

The undersigned concludes, that the Defendant's motion to strike should also be denied. Because the Defendant acted *pro se* in some matters and with the assistance of standby counsel in others, the undersigned will order the Defendant as well as his standby counsel be served with

copies of all filings and court orders.  Therefore, the Defendant's motion to strike should be denied.

* * *

In accordance with the Memorandum above,

**IT IS HEREBY ORDERED** that (Doc. #35) Defendant's Motion to Strike be **denied**. Further,

**IT IS HEREBY RECOMMENDED** that (Doc. #35) Rebuttal to Government's Response in Opposition to Defendant's Challenge to Personal and Subject Matter Jurisdiction be **denied.**

Finally, as to the challenge to personal and subject matter jurisdiction, the parties are advised that they have until **April 27, 2007**, in which to file written objections to this recommendation and determination.  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

      /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  16th  day of April, 2007.