UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CR-639 (CEJ) |
| ) | |
| RAYMOND L. CLIFTON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Terry I. Adelman for determination and recommended disposition, where appropriate. On April 16, 2007, Judge Adelman issued a Supplemental Memorandum, Order and Recommendation with respect to the motion to strike and the challenge to the Court's exercise of personal and subject matter jurisdiction filed by defendant Raymond Clifton. In the supplemental memorandum, Judge Adelman recommended that the motion to strike and the jurisdictional challenge be denied.

The defendant has filed objections to the magistrate judge's findings of fact and conclusions of law.[1] Accordingly, the Court

---

[1] The Court reviews *de novo* the pro se objections filed by the defendant. The general, non-specific objection filed by defendant's stand-by counsel does not require review under 28 U.S.C. § 636(b)(1).

reviews *de novo* the specified proposed findings and recommendations of the magistrate judge to which objection has been made. 28 U.S.C. §636(b)(1). In conducting its review, the Court has reviewed the testimony presented during the evidentiary hearing before Judge Adelman and the exhibits submitted.

I. **Findings of Fact**

In the late afternoon of October 11, 2006, a robbery took place at the Ozark Federal Savings and Loan in Festus, Missouri, located in Jefferson County. Around 4:00 p.m. that day, Lt. David Marshak of the Jefferson County Sheriff's Office heard about the robbery on his police radio. The radio broadcasts contained a physical description of the suspect, a description of his car along with the license plate number, and gave the direction in which the suspect was believed to be traveling. Shortly after hearing about the robbery, Lt. Marshak saw a car matching the description of the suspect vehicle traveling south on Highway 67. After following the vehicle a short distance, Lt. Marshak signaled to the driver, defendant Clifton, to pull over. Ultimately, the defendant was arrested and taken to the Jefferson County jail.

According to police reports, Clifton was booked on state charges of robbery, unlawful use of a weapon and armed criminal action. However, he was never formally charged with any offense by Jefferson County or by the State of Missouri.[2] On October 12, 2006,

---

[2] The defendant asserts that he was formally charged in Jefferson County. He has produced no complaint, indictment,

a complaint was filed in this Court, charging the defendant with bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d).[3] A federal arrest warrant was executed that same day, and the defendant was taken into custody by the United States Marshals Service.

## II. Conclusions of Law

The defendant first argues because he was arrested by state authorities, the State of Missouri had primary jurisdiction which it did not waive in favor of federal jurisdiction. Citing Wilson v. Schnettler, 365 U.S. 381 (1961), the defendant contends that he had to first be fully prosecuted by the state. In Wilson, the petitioner had been arrested by federal agents without a warrant. The agents delivered him to state authorities who then prosecuted petitioner for narcotics possession in an Illinois state court. The petitioner sought to enjoin the use of evidence derived from his arrest in the state criminal proceedings. The Supreme Court noted that the jurisdiction of the state court was the first to attach, and that the state court retained jurisdiction, even to the exclusion of the federal court, "until its duty has been fully performed." Wilson, 365 U.S. at 384 (citations omitted).

Unlike the petitioner in Wilson, defendant Clifton was not prosecuted by the State of Missouri. As was their prerogative, the state and county authorities filed no formal charges against him,

---

information or other charging document to support this assertion.

[3] In the indictment, the defendant is charged with bank robbery and with violation of 18 U.S.C. §§ 922(g)(1) and 924(c).

but instead voluntarily relinquished custody of the defendant to the federal government. Defendant Clifton "may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other [sovereignty] may also subject him to conviction of crime against it." Ponzi v. Fessenden, 258 U.S. 254, 260 (1922).

Contrary to the defendant's contention, a writ of habeas corpus ad prosequendum was not required to obtain federal custody. The defendant's custody resulted from the federal arrest warrant that was issued upon a magistrate judge's finding of probable cause and that was honored by the state authorities.

Further, the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App., provides no support for the defendant's objections. Article III(a) of the IADA makes clear that the provisions of the Act apply only when "a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner . . ." Because defendant Clifton was not serving any sentence of imprisonment at the time the federal arrest warrant was executed, the IADA has no application here.

Finally, the defendant's assertion that he had the right to an extradition hearing, pursuant to Mo. Rev. Stat. §§ 548.011-548.300,

is without merit. The Missouri extradition statutes apply only in proceedings between states. They do not apply where, as here, the defendant is not removed from the State of Missouri to another state.

**III. Conclusion**

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the Supplemental Memorandum, Order and Recommendations of United States Magistrate Terry I. Adelman, filed on April 16, 2007, is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motion to strike and rebuttal to government's response in opposition to defendant's challenge to personal and subject matter jurisdiction filed by defendant Raymond L. Clifton [#35] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2007.